IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CHERILYN Y. STEWART and
MYRNA AUSTILL,

    Plaintiffs,

v.                                                                Case No. 12-2111

ORION FEDERAL CREDIT UNION
f/k/a MEMPHIS AREA TEACHERS
CREDIT UNION,

                                           **JURY DEMANDED**

    Defendant.

---

## COMPLAINT
---

COME NOW Plaintiffs Cherilyn Y. Stewart and Myrna Austill (collectively, "Plaintiffs") and bring this action against their former employer Defendant Orion Federal Credit Union f/k/a Memphis Area Teachers' Credit Union ("Defendant") for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

### PARTIES

1.    Plaintiff Cherilyn Y. Stewart ("Ms. Stewart") is an African-American female resident of Shelby County, Tennessee and former Branch Manager for Defendant.

2.    Plaintiff Myrna Austill ("Ms. Austill") is a white female resident of Munford, Tennessee and former Branch Manager for Defendant.

3.    Defendant Orion Federal Credit Union is a federal credit union doing business at 7845 Highway 64, Memphis, Shelby County, Tennessee. Orion Federal Credit Union formerly

operated under the name Memphis Area Teachers' Credit Union ("Defendant") until it was renamed Orion Federal Credit Union on April 8, 2011.  MATCU was chartered as federally-insured state credit union in 1957 and became a federal credit union in 1998.  It is governed by the Federal Credit Union Act ("FCU Act"), 12 U.S.C. §§ 101 *et seq.*, and regulated by the National Credit Union Administration (NCUA) and the Tennessee Department of Financial Institutions (TDFI).

## JURISDICTION

4. The Court has jurisdiction over Plaintiffs' claims brought under 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981 pursuant to 28 U.S.C. §§ 1331 and 1343(4).  Plaintiffs timely filed charges with the Equal Employment Opportunity Commission.  Plaintiffs have received their Notices of Right to Sue and are filing this Complaint within the prescribed statutory period.

## STATEMENT OF FACTS

5. On September 19, 2005, Ms. Austill was hired by Defendant as a Branch Manager.

6. On August 12, 2006, Ms. Stewart was hired by Defendant as a Branch Manager.

7. Throughout their employment with Defendant, Plaintiffs had consistently been strong performers.  Prior to Plaintiffs' complaints about racial discrimination that are discussed subsequently in more detail in this Complaint, Plaintiffs had never received any written reprimands, warnings, or negative comments about her performance.

8. On or about December 10, 2009, Plaintiffs approached individuals in Defendant's Human Resources Department and complained that Defendant was discriminating against its employees by transferring white employees to branches located in areas of town that serve

predominantly white customers and African-American employees to branches located in areas that serve predominantly African-American customers.

9. Defendant performed these transfers despite the fact that most of the transferred employees did not desire to be moved and viewed the transfers as less desirable.

10. Plaintiffs also complained that the white employees were given advanced notice of the transfer while the African-American employees were not.

11. In response to Plaintiffs' complaints, Plaintiffs' manager Margaret Peden-Ingram stated the transfers were necessary because of "demographics."

12. After Plaintiffs' complaints about unlawful discrimination, Defendant engaged in a concerted effort to retaliate against Plaintiffs.

13. In continued retaliation, Defendant terminated Ms. Stewart on or about April 14, 2010 purportedly because of a reduction in force.

14. Defendant, however, hired two branch managers after Ms. Stewart's termination and absorbed the other employees located at her branch within Defendant's system.

15. In further retaliation and despite the fact that Ms. Stewart met all the applicable criteria, Defendant refused to refinance Ms. Stewart's home loan.  As a result, Ms. Stewart was unable to make her mortgage payments and ultimately lost her home to foreclosure.

16. Likewise, on or about April 14, 2010, Defendant demoted Ms. Austill from Branch Manager to FSR III.  Shortly thereafter, Defendant disciplined Ms. Austill and placed her on a ninety (90) day probation period.  Defendant then discharged Ms. Austill for purported poor performance during that probation period.  The reasons Defendant offered for Ms. Austill's termination, however, were untrue and were pretext for the real reason, which was her complaint of racial discrimination.

## CAUSES OF ACTION

17.     Plaintiffs incorporate paragraphs 1 through 16 above as though specifically set forth herein, and alleges that:

18.     Defendant's actions constitute unlawful retaliation in violation of 42 U.S.C. § 1981;

19.     Defendant's actions constitute unlawful retaliation in violation of 42 U.S.C. § 2000e et seq.;

20.     As a direct and proximate result of Defendant's unlawful retaliatory conduct toward Plaintiffs, Plaintiffs have lost wages and benefits and have sustained other pecuniary loss. Plaintiffs, as a result of Defendant's actions, have suffered damage to their professional career and professional reputation, as well as to their personal reputation.  Defendant's retaliatory have been demeaning to Plaintiffs and have caused them to suffer pain, humiliation, and embarrassment, as well as emotional distress; and

21.     Defendant's unlawful actions complained of above were intentional, malicious, and taken in reckless disregard to the statutory rights of Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the following relief be granted following a jury verdict in their favor:

1.     Back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2.     Front pay and the value of future lost benefits since reinstatement is not feasible;

3.     Compensatory damages against Defendant in an amount to be determined by the jury;

4. Punitive damages against Defendant in an amount to be determined by the jury;

5. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorneys' fees allowed under actions brought pursuant to 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981; and,

6. Such further relief as is deemed just and proper.

Respectfully submitted,

DONATI LAW FIRM, LLP

s/Bryce W. Ashby
Donald A. Donati #8633
William B. Ryan #20269
Bryce W. Ashby #26179
1545 Union Avenue
Memphis, TN 38104
901/278-1004
bryce@donatilawfirm.com
Attorneys for Plaintiff