```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

```
CHERILYN Y. STEWART and        )
MYRNA AUSTILL,                 )
                               )
     Plaintiffs,               )
                               )   No. 12-cv-2111 JPM/tmp
vs.                            )
                               )
ORION FEDERAL CREDIT UNION f/k/a )
MEMPHIS  AREA  TEACHERS  CREDIT )
UNION,                         )
                               )
     Defendant.                )
```
_____

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**
_____

Before the court by order of reference is plaintiffs Cherilyn Y. Stewart and Myrna Austill's Motion for Protective Order, filed on July 5, 2012. (ECF No. 23.) Defendant Orion Federal Credit Union, formerly known as Memphis Area Teachers Credit Union ("Orion"), filed a response in opposition on July 9, 2012. On July 16, 2012, the court held a hearing on the motion. Counsel for all parties were present and heard. For the reasons below, the motion is GRANTED in part and DENIED in part.

On February 10, 2012, Stewart and Austill filed their complaint against Orion alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, stemming from plaintiffs' complaints of racially discriminatory placement of

workers at Orion.  Orion filed its answer on March 6, 2012.

On June 27, 2012, Orion served several subpoenas on Stewart's former employers:  (1) Four County Power, (2) Fogelman Properties, LLC, (3) Cadence Bank, N.A., (4) BancorpSouth, Inc., and (5) Regions Bank.  Orion also served a subpoena on Stewart's current employer, Share One, Inc., and subpoenas on two potential employers of Stewart:  Memphis Teaching Fellows - Memphis City Schools and Just-4-U Tax and Financial Services.[1]  With respect to Austill, Orion served two subpoenas on her former employers:  Regions Bank and Hospitality FCU.[2]  At the hearing, Orion stated that it also wanted to serve a subpoena on Advanced America, a company that Austill worked for after she left Orion.  All of these subpoenas seek production of the same types of documents: "All records on [plaintiff] including but not limited to all job applications, personnel files, pay records, disciplinary records, and any and all other records relating" to plaintiff.  At the hearing, however, Orion narrowed the scope of its requested discovery to four types of documents:  performance reviews, reasons for termination, payroll history, and employment applications (including resumes).

---

[1]At the hearing, plaintiffs' counsel stated that Stewart has recently started a new job and no longer works for Share One.

[2]Orion also served subpoenas on educational institutions which Stewart and Austill formerly attended.  The parties announced at the hearing that they are attempting to resolve their disputes regarding these subpoenas and that the court need not address those subpoenas at this time.

The court will therefore address only these narrowed requests.

Federal Rule of Civil Procedure 26(c) affords district courts with discretion to issue a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters" to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(D).[3] Determining the scope of discovery is within this court's discretion. Bush v. Dictaphone Corp., 161 F.3d 363, 367 (6th Cir. 1998). As the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 402 (6th Cir. 1998). In particular, discovery is more liberal than the trial setting, as Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." Id. (quoting Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499, 501 (6th Cir. 1970)). In other terms, the court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). With these principals in mind, the court will address each of the types of documents sought by Orion.

---

[3] Orion does not allege that plaintiffs lack standing to challenge the subpoenas.

**I.   Plaintiffs' Employers Prior to Orion**

As a preliminary matter, the court finds that a temporal limit is appropriate on subpoenas issued by Orion to plaintiffs' past employers. See <u>Shirazi v. Childtime Learning Ctr., Inc.</u>, No. CIV-07-1289, 2008 WL 4792694 (W.D. Okla. Oct. 31, 2008) (limiting discovery to employment within five years of plaintiff's employment by defendant). Orion seeks discovery from former employers of Stewart and Austill that would cover approximately twenty years of employment prior to their employment at Orion. The court finds that this request seeks discovery of documents of questionable relevance, and that the burden on the non-parties substantially outweighs any marginal relevance of these documents. Stewart's work at her two employers prior to Orion (Four County Power and Cadence Bank, N.A.) lasted for approximately seven years. In regard to Austill, her prior employment at Hospitality FCU lasted for approximately seven years. The court finds that plaintiffs' employment at these three employers is close enough to plaintiffs' time at Orion to be discoverable. The court, however, GRANTS plaintiffs' protective order in regard to all discovery sought from Stewart and Austill's employers prior to their time at Four County Power/Cadence Bank and Hospitality FCU respectively.[4]

**A.   Performance reviews and evaluations**

---

[4] The court does not intend for this order, which relates to subpoenas to non-parties, necessarily to limit the scope of Orion's questioning at the plaintiffs' own depositions.

-4-

The court finds that plaintiffs' performance reviews and evaluations from their prior employers are within the proper scope of discovery. See Stewart v. Mitchell Transport, No. 01-2546, 2002 WL 1558210, at *4 (D. Kan. July 8, 2002) (discovery of personnel file and performance evaluations from prior employer not overly broad). The court finds that such records could be relevant to plaintiffs' performance at Orion and the legitimacy of any purported reasons presented by Orion for their termination. Plaintiffs' motion for a protective order in regard to these records is DENIED.

    B.    **Resume and Application for Employment**

The court finds that plaintiffs' resumes and applications for employment submitted to their prior employers are within the proper scope of discovery. These documents could provide Orion with evidence of plaintiffs' skill set and professional qualifications, which could be relevant to issues of damages and mitigation. The court therefore DENIES plaintiffs' motion for a protective order relating to resumes and job applications submitted to prior employers.

    C.    **Payroll Records**

The court finds that plaintiffs' payroll records from the prior employers are beyond the scope of permissible discovery. The plaintiffs' prior wage history is not relevant to their damages or the issue of mitigation. See Lewin v. Nackard Bottling Co., No. CV

10-8041, 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010) (denying discovery of plaintiff's prior wage history); Maxwell v. Health Ctr. of Lake City, Inc., No. 3:05-CV-1056, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006) (same). The court therefore GRANTS plaintiffs' protective order relating to payroll and wage records from prior employers.

### D. Reasons for Termination

The court finds that discovery into the reasons for plaintiffs' termination from their prior employers is within the scope of permissible discovery for similar reasons to those discussed in regard to plaintiffs' performance evaluations. See Schaak v. ABCM Corp., No. C07-3080, 2008 WL 5082165, at *3 (N.D. Iowa Nov. 26, 2008) (finding discoverable the reasons for termination of plaintiff's prior employment). The court therefore DENIES plaintiffs' motion for a protective order relating to these documents.

## II. Subsequent and Current Employers

For similar reasons to those discussed above, the court finds that plaintiffs' performance evaluations from their subsequent and current employers are discoverable. The court also finds that plaintiffs' job applications and resumes submitted to their current employers are discoverable.[5] See Stewart, 2002 WL 1558210, at *4-5

---

[5]To the extent that there are records regarding the reason for plaintiffs' termination from a subsequent employer (as there may be based on counsel's statement at the hearing that Stewart had

-6-

(granting discovery of personnel file, job application, job description, and performance evaluations from current employer). In regard to payroll records, these records are discoverable as well, as they are relevant to plaintiffs' damages and mitigation efforts. See Lewin, 2010 WL 4607402, at *1; Shirazi, 2008 WL 4792694, at *2. Plaintiffs' motion for a protective order relating to the documents sought from their subsequent and current employers is therefore DENIED.[6]

### III. Potential Employers

The court finds that seeking discovery from plaintiffs' potential employers is impermissible. At the hearing, Orion stated that it wanted this information to determine the reason why plaintiffs were not offered jobs. The court finds that it would be highly unlikely that a potential employer's reason for not offering the plaintiffs jobs would be admissible. Moreover, such discovery would place an unnecessary burden on third parties with almost no relationship to plaintiffs or connection to this lawsuit. Thus, plaintiffs' motion for a protective order preventing Orion from subpoenaing records from Memphis Teaching Fellows - Memphis City

---

accepted a new position), such records are also discoverable.

[6] The court recognizes that subpoenas to current employers could be used as a means to harass a plaintiff. See Richards v. Convergys Corp., Nos. 2:05-CV-00790 and 2:05-CV-00812, 2007 WL 474012, at *3 (D. Utah Feb. 7, 2007) (acknowledging potential problems in the employment relationship caused by a subpoena to plaintiff's current employer). However, in this case, there is no indication that Orion is using the subpoenas inappropriately.

Schools and Just-4-U Tax and Financial Services, or any other potential employers, is GRANTED.

**IV. Attorneys' Eyes Only Protective Order**

At the hearing, Orion suggested that the information sought in the subpoenas could be governed by an Attorneys' Eyes Only protective order. The court finds that it is not necessary for the discovery sought by Orion to be subject to an Attorneys' Eyes Only protective order.

For the reasons above, the Motion for Protective Order is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

        s/ Tu M. Pham
        TU M. PHAM
        United States Magistrate Judge

        July 23, 2012
        Date